IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNEY RAMEY,   No. CIV S-11-3083-KJM-CMK-P

    Plaintiff,

  vs.   FINDINGS AND RECOMMENDATIONS

REYERSBACH, et al.,

    Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: P. Reyersbach; T.J. Vasquez; Granillo; J. Smith; Folsom State Prison; and the California Department of Corrections and Rehabilitation.  Plaintiff also sues an unnamed appeals coordinator.  The following is a timeline of plaintiff's allegations:

| | | |
|---|---|---|
| September 23, 2008 | | Property was confiscated from inmate A. Hampton. |
| September 24, 2008 | | Plaintiff assisted inmate Hampton in preparing an inmate grievance concerning the property confiscation which occurred the day before. |
| September 24, 2008 | | Defendant Reyersbach searched plaintiff's property and discovered the draft inmate grievance plaintiff had prepared for inmate Hampton. |
| September 24, 2008 | | Plaintiff claims that, later that day, defendants Reyersbach, Granillo, and Smith removed legal documents from his cell in retaliation for his having assisted with inmate Hampton's grievance. |

He states that he complained to defendant Vasquez about his missing property and that he responded by "retrieving bag property and refusing to return it, until destruction was completed."

/ / /

/ / /

/ / /

2

## II.  DISCUSSION

Plaintiff's complaint suffers from a number of fatal flaws, discussed below:

### A.  **Immune Defendants**

Plaintiff names Folsom State Prison and the California Department of Corrections and Rehabilitation as defendants to this action.  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).  Folsom State Prison and the California Department of Corrections and Rehabilitation are immune from suit.

### B.  **Retaliation Claim**

Plaintiff claims that his property was confiscated in retaliation for his having assisted another inmate with a grievance.  In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th

Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

Here, plaintiff did not exercise his own constitutional rights but, rather, he attempted to assist another inmate in exercising that inmate's right to file a grievance. While there exists a First Amendment right to petition the government through the prison grievance process, see Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005), that right belongs to the petitioning inmate. In any event, plaintiff's complaint indicates that the confiscation of property from plaintiff's possession served a legitimate penological interest given his allegation that the property was taken because it is against prison rules for one inmate to possess legal materials relating to another inmate.

### C. Property Claim

Plaintiff asserts that his due process rights were violated by the unauthorized confiscation of property from his possession. Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See Zinermon, 494 U.S. at 128-29. Here, plaintiff could have pursued a state tort action and, as such, his claim is barred by the existence of this adequate state court remedy.

/ / /

/ / /

### D. Claims Relating to the Grievance Process

It appears that plaintiff may be attempting to assert claims based on his allegations that his access to the grievance process was thwarted. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written

1 objections with the court.  Responses to objections shall be filed within 14 days after service of
2 objections.  Failure to file objections within the specified time may waive the right to appeal.
3 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  January 17, 2012

```
                                             _____
                                             CRAIG M. KELLISON
                                             UNITED STATES MAGISTRATE JUDGE
```