IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNEY RAMEY,

      Plaintiff,                        No. CIV S-11-3083-KJM-CMK-P

   vs.

REYERSBACH; et al.,                  <u>ORDER</u>

      Defendants.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On January 18, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days of service.  Plaintiff filed timely objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 304, the court has conducted a de novo review of this case.  Having carefully reviewed the file, the court declines to adopt the findings and recommendations in their entirety.

/////

1

1    Plaintiff's original complaint was filed on November 11, 2011.  (ECF 1.)

2    Plaintiff asserts claims of retaliation and denial of due process based on alleged seizure and

3    destruction of legal materials from his cell.  *Id*.  Plaintiff alleges defendants saw him assisting

4    other inmates prepare grievances and, in retaliation, seized legal materials from plaintiff's cell

5    and subsequently destroyed them.  *Id*.  Plaintiff's pleading does not make clear precisely what

6    legal documents were seized and destroyed, however it suggests both prepared written materials

7    and ordered transcripts were included.  *Id*.

8    The complaint was screened by the magistrate judge, under 28 U.S.C.

9    § 1915(A)(a).  The magistrate judge recommends the complaint be dismissed with prejudice

10   under 28 U.S.C. § 1915(A)(b)(1) for failing to state a claim for which relief could be granted on

11   all grounds.  The court finds to the contrary, there is potential for a retaliation claim, such that

12   leave to amend should be granted.

13   The magistrate judge correctly identified the Ninth Circuit precedent applicable to

14   a First Amendment retaliation claim, such as the one asserted by plaintiff.  "Within the prison

15   context, a viable claim of First Amendment retaliation entails five basic elements: (1) An

16   assertion that a state actor took some adverse action against an inmate (2) because of (3) that

17   prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

18   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

19   *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  In this case, plaintiff contends

20   (1) defendants seized and destroyed legal documents from his cell (2) because they saw him

21   (3) helping other inmates prepare grievances and, as a result, (4) his First Amendment rights

22   were chilled without (5) a legitimate penological purpose.  (ECF 1 at 6-8.)  The magistrate judge

23   recommends dismissal of the claim, on the assumption that the seized and destroyed materials

24   were actually other inmates' documents, and so plaintiff is asserting somebody else's First

25   Amendment right to file grievances.  Additionally, the magistrate judge relies on plaintiff's

26   /////

2

1 | concession that the prison rule against having other inmates' legal documents in his cell fulfills a
2 | legitimate correctional goal.

3 |       In fact, it is unclear whether the seized and destroyed documents belonged to
4 | plaintiff or other inmates.  In his complaint, plaintiff alleges defendants Reyersbach, Granillo
5 | and J. Smith "removed legal documents (22 pages transcript record) as well as other inmates
6 | legal documents that was in his possession." *Id*. at 10 (verbatim transcription).  This suggests
7 | that at least some of the seized documents belonged to plaintiff himself.  If that is the case, both
8 | of the magistrate judge's grounds for dismissal are unfounded; in other words, plaintiff would be
9 | seeking relief for the chilling of his own First Amendment rights and the seizure of his own
10 | materials would not be in furtherance of any prison rule barring possession of other inmates'
11 | legal materials.

12 |       Even if plaintiff does not amend to show the materials were his own, his claim
13 | might proceed regardless.  It is the case that a prisoner's legal assistance to other inmates
14 | deserves no more First Amendment protection than any other prisoner speech.  *See Shaw v.*
15 | *Murphy*, 532 U.S. 223, 231-32 (2001).  However, within the normal contours of prisoner speech
16 | protection, if plaintiff was deterred from providing legal assistance to other inmates as a result of
17 | defendants' alleged adverse action, he might have a claim that survives the initial screening
18 | stage.

19 |       "Unless it is absolutely clear that no amendment can cure the defect ... a pro se
20 | litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to
21 | dismissal of the action." *Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995)
22 | (citations omitted).  If plaintiff is able to clarify precisely what documents were seized and
23 | destroyed, subject to Federal Rule of Civil Procedure 11's requirement of veracity in pleading,
24 | the defect in his claims might be cured.  The court thus grants plaintiff leave to amend.
25 | /////
26 | /////

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed January 18, 2012 are adopted in part, as to dismissal of Folsom State Prison and the California Department of Corrections and Rehabilitation as immune from suit, and dismissal of due process claims based on alleged property rights and the prison grievance process.

2.  The findings and recommendations are not adopted in part, in that plaintiff is granted leave to amend his retaliation claim only, to allege more specific facts regarding the claimed adverse action by defendants Reyersbach, Granillo and Smith, including facts regarding the precise materials seized and the claimed consequential chilling effect on plaintiff.

3.  The case is referred back to the magistrate judge for further proceedings.

DATED:  December 18, 2012.

_____
UNITED STATES DISTRICT JUDGE