# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNEY RAMEY,                               No. 2:11-CV-3083-KJM-CMK-P

    Plaintiff,

  vs.                                        FINDINGS AND RECOMMENDATIONS

REYERSBACH, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

        The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

/ / /

1

1  Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the

2  reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma

3  pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not count

4  as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).

5  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district

6  court may conclude that it counts as a "strike."  See id. at n.12.

7       A review of the court's records reflects that plaintiff has had three or more cases

8  dismissed as "strikes" under § 1915(g).[1]  Three such cases are: Ramey v. County of Fresno, 1:98-

9  CV-5450-AWI-DLB-P; Ramey v. Dr. Loo, 1:98-CV-6327-OWW-SMS-P, and Ramey v. County

10 of Fresno, 1:08-CV-0832-OWW-GSA-P.  Because plaintiff has had three or more cases

11 dismissed as "strikes," and because a review of the complaint does not suggest the applicability

12 of an exception, he cannot proceed without pre-payment of the statutory filing fees.[1]

13      Rather than dismiss the entire action without prejudice to re-filing the action upon

14 pre-payment of fees at the time the action is re-filed, see Tierney v. Kupers, 128 F.3d 1310 (9th

15 Cir. 1998); Rodriguez v. Cook, 169 F.3d 1176 (9th Cir. 1999); Dupree v. Palmer, 284 F.3d 1234,

16 1236 (11th Cir. 2002); Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d

17 378 (6th Cir. 2002), the court will recommend in this case that plaintiff be provided an

18 opportunity to proceed with the current action by paying the full filing fees.

19 / / /

20 / / /

21 / / /

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

[1] Though the court initially granted plaintiff's request for in forma pauperis status, such status should now be revoked.

Based on the foregoing, the undersigned recommends that:

1.  Plaintiff's in forma pauperis status be revoked; and

2.  Plaintiff be required to pay the full statutory filing fee before the current action may proceed further, subject to dismissal of the action for failure to do so.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 2, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3