1

2

3

4

5

6

7

8                           **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JOHNNEY RAMEY,                          No. 2:11-CV-3083-KJM-CMK-P

12                 Plaintiff,

13         vs.                                ORDER

14    REYERSBACH, et al.,

15                 Defendants.

16    _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the court is defendants' motion to strike (Doc. 38).  Also

19    before the court are the following motions filed by plaintiff: (1) "Notice of Motion for Opening

20    Discovery in the Said Case" (Doc. 30); (2) "Notice of Motion Demanding Trial" (Doc. 40);

21    (3) "Motion Demanding Trial by Jury for Eighth Amendment Right Violation by Destruction of

22    Property in Retaliation for Protective First Amendment Right Exercise in Filing Redress

23    Grievance, Exercising Right Under CDCR Title 15, Section 3163" (Doc. 41); (4) "Demand for

24    Jury Trial" (Doc. 42); and (5) "Motion to the Chief Justice and Requesting the Court to Establish

25    a Trial Date" (Doc. 44).

26    / / /

                                                  1

1    In their motion to strike, defendants note that the rules do not contemplate the

2 filing of a surreply brief and seek an order striking plaintiff's "Opposition to Reply Brief."

3 Defendants are correct.  Plaintiff's surreply (Doc. 37) will be stricken and not considered.

4    In his "Notice of Motion for Opening Discovery in the Said Case," plaintiff seeks

5 an order opening discovery.  Plaintiff's motion will be denied without prejudice as premature

6 because no answer to the complaint has been filed and, therefore, the matter is not at issue.  In his

7 remaining motions, plaintiff seeks an order setting a date for a jury trial.  Again, because the

8 matter is not at issue, plaintiff's requests will be denied without prejudice as premature.

9    Finally, a review of the docket reflects that process directed to defendant Granillo

10 was returned unexecuted by the United States Marshal with the following notation: "4/21/15 per

11 CDCR special investigator unable to locate/identify."  Plaintiff must provide additional

12 information to serve this defendant.  Plaintiff shall promptly seek such information through the

13 California Public Records Act, Cal. Gov't. Code § 6250, et seq., or other means available to

14 plaintiff.  If access to the required information is denied or unreasonably delayed, plaintiff may

15 seek judicial intervention.  Once additional information sufficient to effect service is obtained,

16 plaintiff shall notify the court whereupon plaintiff will be forwarded the forms necessary for

17 service by the U.S. Marshal.  Plaintiff is cautioned that failure to effect service may result in the

18 dismissal of unserved defendants.  See Fed. R. Civ. P. 4(m).

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

Accordingly, IT IS HEREBY ORDERED that:

    1.     Defendants' motion to strike (Doc. 38) is granted;

    2.     Plaintiff's surreply (Doc. 37) is stricken;

    3.     Plaintiff's motions (Docs. 30, 40, 41, 42, and 44) are denied as premature; and

    4.     Plaintiff shall promptly seek additional information sufficient to effect service on defendant Granillo and notify the court once such information is ascertained.

DATED: February 3, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3