IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY, | No. 2:11-CV-3083-KJM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| REYERSBACH, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 31).

///
///
///
///
///
///
///
///
//

# I. BACKGROUND

## A. The Current Action

This action proceeds on plaintiff's second amended complaint (Doc. 20). The action was deemed appropriate for service on plaintiff's First Amendment retaliation claims against defendants Reyersbach, Granillo, Smith, and Vasquez.[1] Plaintiff claims that he was assisting another inmate in drafting a grievance concerning confiscation of that inmate's property on September 23, 2008. According to plaintiff, during a search of his cell on that same day – September 23, 2008 – defendants Reyersbach, Granillo, and Smith found and read the draft grievance and that, in retaliation for helping with the other inmate's grievance, they confiscated and destroyed various legal documents in plaintiff's possession. Plaintiff alleges that defendant Vasquez participated in the confiscation and destruction of his property.

Specifically, plaintiff alleges:

> Reyersbach passed the drafted grievance to Granillo and then to J. Smith. C/O Reyersbach confiscated Johnny Ramey 22 pages transcript and destroyed the said document.
> C/O Reyersbach informed his Co-worker he had dug a hole and barried [sic] all that shit.
> Reyersbach then fraudulently conveyed to Appeal Hearing Lieutenant he had returned all legal documents to each inmates fraudulently concealing his act of conversion.

As to defendant Granillo, plaintiff alleges: "As adverse punishment, Granillo, participated in the taking of all legal document from Johnny Ramey and conceal Reyersbach act of taking Johnny Ramey 22 pages of legal documents." Plaintiff adds: "C/O Granillo also conceal the lied, Reyersbach return all documents to each inmate and failed to informed [sic] Lieutenant Doherty of their wrong doing." As to defendant Smith, plaintiff alleges: "J. Smith (Corrections Official) knowingly and with deliberate intent conceal Reyersbach fraudulent conveyance he had returned

---

[1] The action was also erroneously served on defendant Fransham, against whom plaintiff alleges a due process claim. All claims except plaintiff's First Amendment retaliation claims, however, were dismissed by the District Judge's December 19, 2012, order. Fransham should be terminated as a defendant to this action. Defendant Granillo has not been served.

all inmates legal documents and he never stole Johnney Ramey transcript as adverse punishment and bragged on the destruction of his legal document." As to defendant Vasquez, to whom plaintiff complained after his property was confiscated, plaintiff claims: "The existing property bag controlled by T.J. Vasquez was maintained by act of confiscation, as well and destroyed."

### B.     Prior State Court Action

Defendants request that the court take judicial notice of orders from the Sacramento County Superior Court addressing a prior action brought by plaintiff arising from the same incident.[2]  In a March 4, 2011, decision on plaintiff's petition for writ of mandate, which was incorporated by reference in the state court's final January 18, 2013, order, the court outlined the following factual allegations:

> Petitioner alleges that on September 24, 2008, he was making copies in the Main Library. After reviewing the copies he was asked to make, Petitioner noticed that three of the pages were not legal materials. Respondents searched Petitioner's legal documents, confiscating Petitioner's sentencing transcript. That same day, Petitioner filed a Folsom State Prison Appeal ("602 Form") pursuant to 15 CCR § 3084.1. (Petition at Exh. "A"). Petitioner "informed Mr. Morris I take full responsibility for not checking the contents prior to placing the nude/graphic photo . . . in a writ of habeas corpus form petition."
> The October 2, 2008, Rules Violation Report completed by Officer Reyersbach indicates that Officer Reyersbach performed a search of Petitioner's property and found a sealed U-Save envelope with the name "Cowboy" on it. (Petitioner's Motion for Judicial Notice (Jan. 13, 2010) at Exh. "L"). Officer Reyersbach opened the envelope and found 27 copies of a football pool, which copies were verified by Sergeant Gomez. Officer Reyersbach also found legal materials belonging to numerous inmates. Officer Reyersbach instructed Petitioner to go to his cell and return with proper documentation indicating he was authorized to possess the legal materials of other inmates. The library also informed Officer Reyersbach that Petitioner was being fired for making approximately 187 unauthorized copies of pornography.
> On October 9, 2008, Petitioner appeared before the Senior Hearing Officer for a hearing regarding his possession of unauthorized materials. Although Petitioner originally pled not guilty to the charge regarding unauthorized possession of gambling material, Petitioner amended his plea to guilty during the hearing. As a result, Petitioner was counseled, reprimanded, and assessed a 30-day credit forfeiture.

---

[2]     The court may take judicial notice of state court records.  See Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964).

3

On November 6, 2008, it appears that Petitioner submitted another 602 Form, which indicates it was filed because his original 602 Form was lost. In the new appeal, Petitioner states: "I am requesting the returning of all documents cited above." (Petitioner's Exh. "A").

In a Memorandum dated November 17, 2008, Petitioner's appeal was partially granted by Correctional Lieutenant K. Doherty. (Petition at Exh. "B"; Petitioner's Exh. "I"). Correctional Lieutenant K. Doherty's Memorandum indicates that he interviewed Petitioner that same day. Based on his investigation, Correctional Lieutenant K. Doherty concluded that all of the confiscated material had been returned to Petitioner by Officer P. Reyersbach. Petitioner contends, however, that Officer P. Reyersbach "fraudulently conveyed" to his supervisor that he returned the material and that, in fact, Petitioner's sentencing transcript was never returned to him and he never received a receipt as required by 15 CCR § 3287.

On November 23, 2008, Petitioner informed Warden Kramer regarding the confiscation of his sentencing transcript, including that Petitioner was not provided a receipt of return. On December 8, 2008, Warden Evans issued a Second Level Appeal Response, denying, for the most part, Petitioner's appeal. Warden Evans found Petitioner failed to present "compelling evidence to support his allegations that Officer Reyersbach was malicious in his actions concerning the appellant or the handling of the confiscated legal paperwork." (Petition at Exh. "C"; Petitioner's Exh. "I"). Petitioner contends, however, that Respondents still failed to return his sentencing transcript or to provide him with a receipt of return.

Petitioner then filed a grievance with the Chief of the Department of Corrections, which was denied in a letter dated March 9, 2009. (Petition at Exh. "D"; Petitioner's Exh. "I"). After reviewing the submitted evidence, the Chief concluded:

> The documentation and arguments support the institution's position in this matter. The evidence is clear. The appellant was caught making unauthorized copies while working in the library. He was subsequently found to have other contraband, gambling paraphernalia, mixed in with the legal work in his possession resulting [in] it being taken by the Officer. CO Reyersbach reports that he separated all of the legal work and immediately gave the appellant the material that belonged to him. The Officer then returned all of the remaining legal work to the rightful owners. The property was not retained by staff, therefore, the need to provide a receipt is mitigated. The appellant has failed to demonstrate that he has been deprived of his property or that staff acted contrary to the regulations or unprofessionally in any manner. Further, there has been no evidence provided that would support the appellant's claim that staff read and pass[ed] around inmate legal material. As mentioned in the First Level of Review, the appellant is allowed to assist other inmates with their legal work pursuant to California Code of Regulations, Title 15, Section (CCR) 3163. There is no relief available or warranted at the Director's Level of Review.

In denying petitioner's petition, the state court ruled as follows:

> Petitioner alleges that Respondents, upon confiscating the written materials from Petitioner, informed him that he could not possess any inmate legal material without written consent. Petitioner contends this policy constitutes an underground regulation and conflicts with 15 CCR § 3163. The Court, however, denies the relief sought by Petitioner on this ground. Petitioner accurately contends that 15 CR § 3163 allows Petitioner to be in possession of other inmates' legal materials for the purpose of assisting them in preparation of legal documents. Through the internal grievance process, Respondents already determined that Petitioner was entitled to possess other inmates' legal material, consistent with 15 CCR § 3163, and partially granted Petitioner's appeal of this ground. There is no further relief that may be awarded by the Court.
>
> Petitioner also contends that Respondents violated 15 CCR § 3245(c) by reading the legal materials in Petitioner's possession and passing them to other officials to read. 15 CCR § 3145(c) provides: "Any person who examines the content of mail under the authority of this article or in connection with an appeal by an inmate of a ruling under this article, must keep the content of the material which was examined in strict confidence." The Court again denies the relief sought by Petitioner. First, 15 CCR § 3145 does not appear to apply in Petitioner's circumstance. There is no evidence that the legal materials in Petitioner's possession constituted "confidential mail." (See 15 CCR § 3133 (definitions of "mail")). Second, 15 CCR § 3287 provided that "[a]n inmate is subject to an inspection of his or her person, either clothed or unclothed, when there is reasonable suspicion to believe the inmate may have unauthorized or dangerous items concealed on his or her person. . . ." Officer Reyersbach's October 2, 2008, Rules Violation Report indicates that he provided the football pool copies to Sergeant Gomez to verify. (Petitioner's Motion for judicial Notice (Jan. 13, 2010) at Exh. "L"). Respondents' actions in reviewing the material in Petitioner's possession in order to definitively determine whether the materials were unauthorized in this circumstance are reasonable.
>
> Petitioner also alleges that Respondents are liable for the loss of destruction of his sentencing transcript pursuant to 15 CCR § 3193(b), which provides: "The department shall accept liability for the loss of destruction of inmate personal property when it is established that such loss of destruction results from employee action." Petitioner, however, fails to meet his burden of demonstrating that Respondents are liable pursuant to 15 CCR § 3193. The weight of the evidence demonstrates that Respondents returned all legal material to the lawful owners.

///

///

///

///

Discussing the evidence, the state court further elaborated on Lieutenant Doherty's November 17, 2008, report:

> In the November 17, 2008, Inmate Appeal Response, Lieutenant Doherty states that "Officer P. Reyersbach found gambling paraphernalia commingled with the legal material you claim you had permission to work on. Officer Reyersbach then separates all of the legal material by name and gave you back your legal work. Officer Reyersbach then issued all of the legal material back to the inmates that it belonged to." (Petition at Exh. "B").

Addressing the remainder of the claims raised in the petition for writ of mandate, the state court concluded that applicable California regulations did not require issuance of a property receipt. The court noted: "The weight of the evidence indicates that the legal materials were only confiscated long enough for the officers to review them to determine if they were unauthorized material" and that "all legal documents belonging to Petitioner were immediately returned to him and legal materials belonging to other inmates were returned to their rightful owners."

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

///

///

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

/ / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

Defendants argue that the prior state court judgment has preclusive effect and that the current action is barred under the doctrine of res judicata. Two related doctrines of preclusion are grouped under the term "res judicata." See Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). One of these doctrines – claim preclusion – forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. Stated another way, "[c]laim preclusion. . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009).  "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

The party seeking to apply claim preclusion bears the burden of establishing the following: (1) an identity of claims; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties. See Cell Therapeutics, 586 F.3d at 1212; see also Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005). Determining whether there is an identify of claims involves consideration of four factors: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether

substantially the same evidence is presented in the two actions. See ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010). Reliance on the first factor is especially appropriate because the factor is "outcome determinative." Id. (quoting Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)). As to privity of the parties, "privity . . . [arises] from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest." Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005).

Defendants argue:

> Here, both the Petition for Writ of Mandate and the instant action are based on and share the same "nucleus of facts." Plaintiff alleged in both actions that Reyersbach, Granillo, Smith, and Vasquez confiscated his and other inmates' property and that the confiscation of this property was retaliatory in nature.

While the court agrees with defendants' assertion that both actions relate to the same set of facts, the court does not find that this necessarily establishes an identity of claims. Specifically, the prior state court action alleged various violations of California prison regulations whereas the current action alleges a violation of plaintiff's First Amendment rights. Thus, the two actions do not involve infringement of the same rights even though they arise from the same set of facts. Additionally, because plaintiff's petition for a writ of mandate in the state court concerned alleged violations of state law, plaintiff could not have litigated his newly articulated constitutional claim in the prior action.

Defendants' motion to dismiss should be denied because they have not established an identity of claims.

/ / /

/ / /

/ / /

/ / /

/ / /

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Fransham be terminated as a defendant to this action pursuant to the court's December 29, 2012, order; and

2. Defendants' motion to dismiss (Doc. 31) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 19, 2016

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE