UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY, | No. 2:11-cv-03083-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| P. REYERSBACH, et. al., | |
| Defendant. | |

         Plaintiff, a prisoner proceeding pro se, moves to reopen this case. ECF No. 53. Plaintiff filed a second amended complaint on July 9, 2013 against five defendants, Ryersbach, Granillo, Smith, Vasquez, and Fransham, alleging First Amendment retaliation related to defendants' confiscation of his property on September 23, 2008. ECF No. 20. Defendants moved to dismiss the complaint, contending plaintiff's action was barred by res judicata because of a state court's judgment on the "same nucleus of facts." ECF No. 31-1. While the magistrate judge found defendants' claims were not barred by res judicata, ECF No. 48, this court held otherwise, concluding plaintiff's claims were barred by California's rules governing claim preclusion, ECF No. 51. This court dismissed and closed the case on March 25, 2016. ECF Nos. 51, 52.

The court construes plaintiff's motion to reopen the case as a motion to amend the judgment under Federal Rule of Civil Procedure § 59(e), which provides that a party may file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit has explained the standard for a motion under Rule 59(e) as follows:

> "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (internal quotation marks omitted). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:
>
> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.*

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011). This Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

Here, plaintiff argues the court should consider his Eighth Amendment claim against defendants for the destruction of a legal document as an act of punishment and deterrence. ECF No. 53. But plaintiff does not set forth any new facts or evidence satisfying any of the four *Herron* factors. Without any basis for reconsidering its prior order, the court DENIES plaintiff's motion.

IT IS SO ORDERED.

DATED: April 18, 2016.

_____
UNITED STATES DISTRICT JUDGE